**Wayman L. PRINCE,**
**Plaintiff-Appellant,**

**v.**

**Michael J. POULOS, et al.,**
**Defendant-Appellees.**

**No. 88-6119**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 22, 1989.

Rehearing Denied Aug. 15, 1989.

[redacted]

[redacted]

Wayman L. Prince, Houston, Tex., for plaintiff-appellant.

John H. Smither, J. Alfred Southerland, Houston, Tex., for defendants-appellees.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

GEE, Circuit Judge:

The appellant in this action contends that the district court abused its discretion by dismissing his complaint with prejudice as a sanction for discovery abuse. The appellant also contends that the district court erred in awarding the appellees $8,362.34 in attorney's fees incurred as a result of the appellant's failure to comply with discovery and in awarding appellees $6,512.30 in costs. We find that the district court did not abuse its discretion in dismissing the appellant's complaint. We further find that the amount of attorney's fees awarded to the appellees was reasonable and that costs were properly assessed against the appellant. Consequently, we affirm the judgment of the district court.

## I. *Facts*

In September 1986 the appellant filed a complaint alleging violations of 42 U.S.C. §§ 1981 and 1983, wrongful termination, negligence, fraud and bad faith. The complaint consisted of 175 paragraphs and 11 exhibits for a total of 181 pages. On October 1, 1986, the appellee moved to strike the complaint and filed notice to take the appellant's deposition on October 13, 1986. The appellant failed to appear at that deposition. Consequently the appellee moved under Rule 37(d) for an order compelling the appellant to appear at his deposition and imposing a monetary sanction in the amount of $500.

On April 9, 1987, the appellee filed a second motion to compel discovery. On April 13, 1987, the district court held a court conference and ordered the appellant to produce certain documents and answer certified questions no later than May 11, 1987. The court held a second court conference on May 6, 1987. At this time the court informed the appellant's attorney that her client was obligated to make full disclosure of the matters previously discussed and to be deposed regarding these matters. The appellant appeared for his deposition as scheduled, but failed to provide all of the documents requested and refused to answer questions about those documents. On May 21, 1987, the appellees filed a motion to dismiss based on the appellant's failure to comply with the court's order. The court denied that motion but fined appellant $500 for failure to comply with discovery. The court also warned the appellant that "any further refusal to answer all questions would result in the dismissal of his suit."

On April 4, 1988, the appellee moved to compel the appellant to produce certain documents for testing. On April 15, 1988, the appellee moved to compel a financial audit of the appellant. On May 25, 1988, the court granted both motions and ordered the appellant "to turn over all of his financial instruments. The order stated that this material was to be produced by June 2, 1988." On August 15, 1988, the appellee moved under Rule 37(b)(2)(C) to dismiss appellant's complaint for failure to produce the information that he had been ordered to produce.

On October 13, 1988, the district court held a pre-trial conference hearing. At this hearing the appellant conceded that he had

not yet produced all the required documents. The appellant contended that he was "diligently" attempting to comply with the request. He admitted, however, that he began to do so "approximately a week and a half ago." This conference took place eighteen months after the material was originally requested, approximately five months after the appellant had been ordered to produce the documents, and four months after the date on which production was due. At the hearing on October 13, 1988, the district court granted the appellee's motion to dismiss. On October 14, 1988, the court heard evidence regarding the extent to which the appellee's attorney's fees were increased by the appellant's failure to comply with discovery orders. Following that hearing the court awarded appellees $8,362.34 in attorney's fees. Following entry of judgment the appellees filed a Bill of Costs in the amount of $6,512.30. Appellant did not file an objection to the allowance of the Bill. Consequently, the Clerk taxed costs in this amount against the appellant.

## II. *Analysis* [1]

### A. Dismissal With Prejudice

■ A district court's decision to dismiss a complaint with prejudice as a sanction for violation of a discovery order may be reversed only if it amounts to an abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780–81, 49 L.Ed.2d 747 (1976).

In determining whether a district court abused its discretion, our precedent has addressed a number of considerations. First, dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders. *Bluitt v. Arco Chemical Co.*, 777 F.2d 188, 190–91 (5th Cir.1985).

■ Applying these standards to the facts of this case we have no difficulty in concluding that the district court did not abuse its discretion. First, the appellant's failure to comply with a discovery order was not a single isolated instance. Rather, the appellant consistently refused to comply with such orders or engaged in piecemeal disclosure designed to impede discovery. As the district court noted, "At . . . best, . . . [the appellant has] been disingenuous with the Court and . . . [his] behavior has ranged downward from there."

Second, prior to dismissing the appellant's complaint the district court twice imposed monetary sanctions for discovery abuses and warned the appellant that further failure to comply with such orders would result in dismissal of his complaint. Despite this fact, the appellant continued to ignore discovery orders. It is clear, therefore, that other less drastic sanctions were ineffective in curbing the appellant's discovery abuses.

Third, we find that the appellant's conduct prejudiced the appellees' case. The appellant was seeking damages for lost past and future wages. Without the financial information sought by appellees, they

---

**1.** The appellant moved to strike the appellee's brief on the grounds that it was not timely filed. Appellees' brief was due on March 29, 1989. Appellees mailed their brief via certified registered mail on that date. Rule 25(a) of the Fed.R.App.P. provides that "briefs . . . shall be deemed filed on the day of mailing if the most expeditious form of delivery by mail, excepting special delivery, is utilized." The appellant contends that certified mail is not first class. The

Post Office disagrees. The appellant further contends that Federal Express, not first class, is the most expeditious form of mail. Webster's defines mail as ". . . letters . . . conveyed under public authority." Webster's New Collegiate Dictionary (1973). Since Federal Express is not a public authority, they are not a form of "mail" and need not be utilized under Rule 25(a). The appellees' brief was timely filed and the appellant's motion to strike is denied.

would be unable to determine the validity of the appellant's claim. Further, the appellees contended that the appellant was discharged for meeting with and working for private clients on company time. The records sought by the appellee were highly relevant if not essential to establishing the validity of the appellees' contention. The appellant's failure to disclose the information, consisting of massive quantities of complex financial documents, until three months prior to trial, was clearly prejudicial to the appellee.

■ Fourth, this is not a case in which a blameless client was made to suffer for his attorney's misdeeds. The appellant himself is an attorney who was, or should have been, fully aware of his discovery obligations. In light of these facts we conclude that the district court did not abuse its discretion in dismissing the appellant's complaint.[2]

### B. Attorney's Fees

■ "We review the district court's award of ... attorney's fees under the abuse of discretion standard. In requesting attorney's fees the appellees' attorneys submitted sixty pages of invoices listing the date on which services were rendered, the attorney who performed the services, the service performed, and the hours expended in performing those services. In some instances the number of hours expended had been "lined out" and adjusted hours written in. In every single instant in which the number of hours expended had been adjusted the new figure was lower than the original figure. Mr. Smither, one of the attorneys for the appellees, testified that the hours "lined out" regarded matters that were not "attributable to the mul-

tiplication of litigation." Smither testified that in each instance the billing attorney informed the firm's central accounting department of the number of hours to line out. The documents submitted also included itemizations of disbursements made on behalf of the appellees.

Despite this detailed itemization of attorney's fees and expenses incurred, the appellant maintains that the district court erred in awarding attorney's fees because the fees were neither reasonable nor substantiated. Additionally, the appellant contends that the award of fees was improper because he had no opportunity to cross-examine the attorneys who authorized the line-outs. In *McFarland v. Gregory*, 425 F.2d 443 (5th Cir.1970), we held that it is error for the district court to award attorney's fees without giving the opposing party the opportunity to cross-examine the person upon whose affidavit the fees are based. In *McFarland*, however, the sole basis for the award of the fees was the affidavit. In this case the award was based on the documentation submitted by the appellees and the testimony of Mr. Smither. The appellant had the opportunity to cross-examine Mr. Smither and, in fact, did so. We, therefore, find that the appellant was not denied the opportunity for cross-examination regarding attorney's fees. We further find that the fees were reasonable and substantiated. The award of attorney's fees was, therefore, proper.

### C. Costs

■ The appellant contends that the appellees should not be awarded costs because they did not specifically request them during the hearing. Rule 54(d) of the Fed.R.Civ.Proc. states that "... costs shall

---

**2.** The appellant states correctly that "[i]n civil rights actions, pleadings are to be liberally construed such that a district court is warranted in granting a motion to dismiss only where plaintiff can prove no stated facts entitling him to relief." *Cubellis v. Costar*, 65 F.R.D. 49 (W.D.Pa. 1974). Therefore, appellant contends, his complaint should not have been dismissed prior to trial because it was not frivolous, unreasonable, or without foundation. Had the district court dismissed this complaint for failure to state a claim the appellant's contention might have had

some merit. Even in Civil Rights actions, however, plaintiffs are not free to disregard the rules of discovery. Any sanction which may be imposed for discovery abuse in a non-civil rights case, including dismissal with prejudice, may also be imposed in a civil rights case. *See, e.g., Morton v. Harris*, 628 F.2d 438 (5th Cir. 1980) *cert. denied*, 450 U.S. 1044, 101 S.Ct. 1766, 68 L.Ed.2d 243 (1981) in which we affirmed the dismissal of a pro se attorney's race discrimination suit for his willful and deliberate failure to comply with discovery orders.

be allowed *as a matter of course* to the prevailing party unless the court otherwise directs. (emphasis added). This rule further provides "[o]n motion served within five days ... [after costs are taxed], the action of the Clerk may be reviewed by the court." Fees were properly awarded under this rule and the appellant failed to object to the costs. Consequently, we find that the appellant has waived his objection to the Bill of Costs.

### III. *Conclusion*

The appellant in this case has consistently demonstrated his complete disregard for the rules of discovery and the orders of the court. Consequently, we find that the district court did not abuse its discretion in dismissing the appellant's claim with prejudice. We also find that the district court's award of attorney's fees and costs was proper. Consequently, the judgment of the district court is

AFFIRMED.