UNITED STATES of America, Plaintiff,

v.

**CERTAIN REAL PROPERTY AND PREMISES KNOWN AS 63–29 TRIMBLE ROAD, WOODSIDE, NEW YORK, Defendant.**

No. CV–88–1453.

United States District Court, E.D. New York.

Sept. 9, 1992.

Juan Carlos Aldeco and Viviana Castro, Woodside, N.Y., guardian ad litem for Betty Aldeco.

Warren Ausubel, Asst. U.S. Atty., for U.S.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

Claimants Juan Carlos Aldeco and Betty Aldeco have filed several motions, which the court addresses in turn.

### I. The Motion to Stay Forfeiture Proceedings

Claimant Betty Aldeco moves this court for a stay of the instant forfeiture proceedings. For the reasons set forth below, the motion is denied.

Aldeco was arrested on April 13, 1988; on October 11, 1988, following a jury trial, she was convicted of cocaine trafficking in violation of 21 U.S.C. §§ 841 and 846. The Second Circuit affirmed her conviction on July 24, 1989. Aldeco subsequently filed, on February 20, 1991, a habeas corpus petition pursuant to 28 U.S.C. § 2255 which is still pending.

At the time of Aldeco's arrest, large sums of cash were discovered in a search of the defendant premises. The govern-ment filed its complaint *in rem* on May 10, 1988, seeking forfeiture under 21 U.S.C. § 881(a)(7). Aldeco filed a notice of claim on May 23, and an answer to the complaint on August 9, 1988. In late 1989, Aldeco's attorney submitted her response to the government's interrogatories. Although the interrogatories contained numerous questions seeking to elicit incriminatory information, Aldeco did not assert the Fifth Amendment in any of her responses.

On March 4, 1991, Aldeco informed the magistrate judge (through her legal representatives, her daughter and husband) that she did not wish to have counsel appointed by the court. The magistrate expressly advised Aldeco of the potential danger of declining to discuss Fifth Amendment issues with counsel, as Aldeco was scheduled to be deposed on March 5. Aldeco nevertheless appeared for deposition the next day and replied to the questions asked.[1]

██ In arguing for a stay, Aldeco relies chiefly on two recent cases from this court. Neither of those decisions, however, supports the result claimant urges here. In *United States v. Leasehold Interests in 118 Avenue D, Apartment 2A*, 754 F.Supp. 282 (E.D.N.Y.1990), this court granted the government's motion for a stay of a forfeiture action pending completion of the related criminal trial. The court predicated its decision there on 21 U.S.C. § 881(i), which permits a stay *"upon motion of the United States* and for good cause shown" (emphasis supplied).

The second case, *United States v. 1344 Ridge Road*, 751 F.Supp. 1060 (E.D.N.Y. 1989), is more germane. In that case, one claimant had already been indicted on a related criminal charge, and was awaiting trial. Claimants moved for a stay of the associated forfeiture proceeding, arguing that they could not answer the government's *in rem* complaint and interrogatories without waiving their Fifth Amendment rights and prejudicing the defense of criminal actions against them. *Id.* at 1061. The court granted a stay on that ground,

---

1. While Aldeco did file a motion to vacate the notice of deposition on Fifth Amendment grounds, she did so only on March 7, two days after the deposition took place.

relying on the authority of *United States v. U.S. Currency*, 626 F.2d 11 (6th Cir.), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 290 (1980).

Claimant's arguments here are unavailing for two reasons. First, both of the above cases involved claimants against whom criminal charges were pending at the time the stay was requested. Here, by contrast, Aldeco was tried before a jury and convicted over three years ago. Nor will the pendency of her habeas petition serve as a basis for a stay, as that civil proceeding holds no threat of additional punishment. Were this court to grant a stay on that ground, previously convicted claimants could in every case evade forfeiture by filing repeated habeas petitions for the duration of their sentence.

Second, and more importantly, Aldeco and her family have already waived their Fifth Amendment rights in connection with these proceedings. Aldeco and her husband filed an answer to the complaint and responses to the government's interrogatories two years ago, at a time when they were represented by legal counsel. Even more significantly, despite the magistrate's explicit admonitions about the gravity of Fifth Amendment waiver, Aldeco gave testimony about the facts of this case at her deposition in March of this year. Thus, unlike the *Ridge Road* claimants, who had not acceded to the government's discovery requests (or even answered the complaint), Aldeco cannot argue that a stay will protect her interest against self-incrimination.

In addition, granting a stay at this stage would impair the interests of justice. This action has lasted over three and one-half years, with the trial date postponed three times since April. Granting a stay would delay the adjudication of this matter without serving any legitimate interest. Accordingly, claimant's motion is denied.

## II. The Motion to Strike Government Papers Lacking Proof of Service

Claimants move to strike unspecified government "pleadings" lacking proof of proper service, under Local Rule 3(c)(3).

█ The motion is denied. Not only do claimants fail to identify any particular document never served on them, they also misread Federal Rule of Civil Procedure 5(b). That rule states simply that except as otherwise required by the Federal Rules, service "shall be made ... by mailing it to the attorney or party...." Unlike certain other rules—Federal Rule of Civil Procedure 4(c)(2)(C)(ii), for example, which permits service of process to be made "by first-class mail, postage pre-paid" under some circumstances—Rule 5(b) does not require mailing through the United States Postal Service. Thus, where an Assistant United States Attorney mails a notice of motion to a party by Federal Express, service is valid. *See Edmond v. United States Postal Serv.*, 727 F.Supp. 7, 11 (D.D.C.1989).

The Aldecos mistakenly rely on *Prince v. Poulos*, 876 F.2d 30, 32 n. 1 (5th Cir.1989) for the proposition that Federal Express is not an appropriate method of serving motion papers. The *Prince* court's decision construes Federal Rule of Appellate Procedure 25(a), which states that "briefs ... shall be deemed filed on the day of mailing if the most expeditious form of delivery by mail, excepting special delivery, is utilized." In holding that Federal Express does not constitute "mail" under Rule 25(a), the Fifth Circuit merely held that parties are not obligated to use more expeditious private delivery services. Because Federal Rule of Appellate Procedure 25(a) and Federal Rule of Civil Procedure 5(b) serve entirely different ends, the *Prince* court's observation does not control in this case.

## III. The Motion to Dismiss the Complaint for Failure to State a Claim with Sufficient Particularity

Claimant Juan Carlos Aldeco moves to dismiss the complaint *in rem* on the grounds that it alleges facts insufficient to support an inference that the defendant is subject to forfeiture.

█ This motion largely reiterates the motion denied by order of this court filed March 18, 1991. To the extent that Aldeco advances the same arguments, the March

18 order controls. Aldeco's only new assertion—that the complaint is defective for failure to address his alleged "innocent owner" status—has no merit. Because the "innocent owner" defense is an affirmative defense, *see, e.g., United States v. 418 57th Street,* 922 F.2d 129, 130 (2d Cir.1990), there is no obligation on the part of the government to anticipate and address it in the complaint. Accordingly, the motion is denied.

SO ORDERED.