**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————————

No. 00-31197

(Summary Calendar)

————————————

SHAY JUUL,

Plaintiff-Appellant,

versus

FEDERAL EXPRESS,

Defendant-Appellee.

Appeal from the United States District Court
For the Middle District of Louisiana
99-CV-447-C

May 31, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Shay Juul ("Juul") appeals the district court's dismissal of her suit for failing to comply with

discovery orders and to respond to a motion to dismiss. Finding no abuse of discretion, we affirm.

    [*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in Fifth Circuit
Rule 47.5.4.

Juul, a former courier at Federal Express ("FedEx"), filed a claim under the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq,* against her former employer. She claimed that FedEx had terminated her employment because of a lifting restriction that prevented her from picking up items heavier than 35 or 40 pounds. On September 8, 1999, FedEx propounded to Juul's lawyer its first set of interrogatories and its request for production of documents. Juul failed to answer within the proscribed one month time period. The district court held a scheduling conference on December 15, where the court told Juul to provide at least partial responses to FedEx's discovery request. Juul did not respond. Over the course of the next two months, FedEx sent two letters to Juul, demanding responses and threatening to file a motion to compel. Again, Juul failed to respond to these letters.

FedEx filed a motion to compel discovery responses on March 15, 2000. One day before the magistrate judge was to rule on the motion, Juul faxed interrogatory responses that FedEx deemed incomplete and inadequate. The court later ruled on FedEx's motion to compel against Juul, and levied a $200 sanction against her. FedEx states that it repeatedly tried to contact Juul regarding the discovery request, but that Juul did not return several telephone messages. The magistrate judge suggested to FedEx that Rule 37 sanctions might be appropriate here. FedEx accordingly filed a motion to dismiss, which was served by mail to all interested parties. Juul did not file a response to the motion to dismiss. Given Juul's failure to respond to the motion and "the history of the litigation," the district court dismissed without prejudice Juul's suit.

Juul filed on the same day a notice of appeal as well as a motion for relief from judgment. In her motion for relief, she claimed that she had not received FedEx's motion to dismiss, and thus did not respond to it. The district court denied the motion. Juul now appeals the district court's dismissal of her action. We review for abuse of discretion a district court's dismissal of a complaint

for discovery abuse.  *See Prince v. Poulos*, 876 F.2d 30, 31 (5th Cir. 1989).

Federal courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of the cases. . . . This includes the power of the court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders."  *Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894,898 (5th Cir. 1997) (internal citations omitted).  We hold that the district court did not abuse its discretion in dismissing without prejudice Juul's suit for discovery abuse.  First, Juul repeatedly failed to respond to FedEx's discovery requests.  Second, the district court ordered a motion to compel against Juul, which she ignored.  Third, the district court had previously sanctioned Juul $200 for discovery abuse to no avail.

In short, the district court considered alternative sanctions and found that only dismissal sufficed to serve punitive and deterrent sanctions.  *See Batson v. Neal Spelce Assoc., Inc.*, 805 F.2d 546, 550 (5th Cir. 1986) (holding that the district court did not clearly err in dismissing a suit for discovery abuse where the court expressly considered alternative sanctions).  Indeed, this court has previously affirmed even the more draconian sanction of dismissal with prejudice for failure to comply with discovery orders. *See id.*

Juul responds that it did not have notice of FedEx's motion to dismiss and thus did not have an opportunity to respond.  She cites cases from other courts suggesting that notice is required before dismissal.  *See Harris v. Callwood*, 844 F.2d 1254 (6th Cir. 1988); *Jackson v. City of New York*, 22 F.3d 71 (2nd Cir. 1994).  Her reliance on these cases is misplaced.  First, as a preliminary matter, she misreads the district court's dismissal.  Although Juul's failure to respond to the motion to dismiss instigated the district court's action, the court made clear that the suit was being dismissed in large part because of the "history of the litigation"—that is, Juul's prior failures to comply with the court's

-3-

orders.  Second, the cases cited by Juul do not necessarily require notice prior to dismissing the case. The Second Circuit only lists notice as one of several factors that a court should consider.  *See Jackson*, 22 F.3d at 74-75 (listing other factors such as whether the judge had adequately assessed the efficacy of lesser sanctions).  Similarly, the Sixth Circuit allows dismissal without notice if the party engaged in "bad-faith" conduct.  *See Harris*, 844 F.2d at 1256.  Finally, we note that both these cases are inapposite because they involved the ultimate sanction of dismissal with prejudice; here, the district court dismissed without prejudice.

AFFIRMED.