# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2011

No. 10-20102

Lyle W. Cayce
Clerk

SARAH WORRELL,

Plaintiff–Appellant

v.

HOUSTON CAN! ACADEMY,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1100

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Sarah Worrell appeals the district court's dismissal of her employment-discrimination suit under Federal Rule of Civil Procedure 37(b)(2) based on her failure to obey multiple discovery orders.  Finding no abuse of discretion, we affirm.

## I. BACKGROUND

On April 3, 2007, Worrell sued her former employer, Houston Can! Academy ("HCA"), for employment discrimination and retaliation in violation of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20102

Title VII of the Civil Rights Act of 1964.  Worrell was represented by Melvin Houston.  On May 29, 2008, Worrell served HCA with her initial disclosures. The parties held a Rule 26(f) conference by telephone on June 26, and HCA propounded its first set of interrogatories and requests for production of documents on June 30.

On September 18, HCA filed a motion to compel, asserting that Worrell had failed to respond to HCA's discovery requests within thirty days, as required by Rules 33(b)(2) and 34(b)(2)(A).  In addition, HCA argued that Worrell's initial disclosures were "materially deficient."  Specifically, HCA argued that Worrell had failed to (1) identify the actual addresses and telephone numbers of the individuals likely to have discoverable information, or identify the subjects of that discoverable information, as required by Rule 26(a)(1)(A)(i); (2) provide a copy or description of all documents in her control that supported her claims, as required by Rule 26(a)(1)(A)(ii); and (3) provide a computation of her damages and the documents on which that computation was based, as required by Rule 26(a)(1)(A)(iii).  HCA attached to its motion several exhibits showing that from July 7 to September 17 it had faxed numerous letters to Houston demanding that Worrell cure the deficiencies in her disclosures and respond to HCA's discovery requests.

Worrell did not respond to the motion.  On October 22, the magistrate judge assigned to the case, after waiting five weeks for a response, granted the motion and ordered Worrell to provide complete disclosures and responses to HCA within five days.  The judge also sanctioned Worrell, ordering her to reimburse HCA for the costs and expenses it had incurred in filing the motion to compel.  Further, the judge warned Worrell that "[a]ny failure . . . to comply

2

No. 10-20102

with this Order will result in sanctions, including the possible dismissal of this action." (emphasis omitted.)

On October 27, Worrell filed a motion to reconsider the magistrate judge's order. In her motion, Worrell attempted to explain away her failure to respond to the motion to compel by arguing that Worrell's attorney, Houston, had been "unaware" of the filing of the motion to compel because of the effects of Hurricane Ike, which made landfall on September 13. According to Worrell, the storm damaged Houston's computer systems and caused him to lose power for more than ten days. HCA refuted this argument by producing evidence showing that Houston had received an e-mail from HCA's counsel on September 17 advising him that a motion to compel would be filed the next day, and that Houston responded to that e-mail within twenty-four hours. On December 2, the magistrate judge denied the motion to reconsider, finding that Houston had been on notice of the imminent filing of the motion to compel and that the effects of Hurricane Ike could not adequately explain why Worrell had failed to respond to the motion for over a month.

Also on October 27, Worrell served HCA with her first amended initial disclosures and her original responses to HCA's discovery requests. On December 11, HCA filed a second motion to compel. In its motion, HCA argued that Worrell's amended disclosures were nearly identical to her original disclosures and contained the same deficiencies. HCA also argued that Worrell's answers to interrogatories 1, 2, 4–8, and 10–14 were unresponsive[1] and that she

---

[1] Specifically, HCA argued that Worrell's answers failed to provide, among other things, (1) specific contact information for potential witnesses; (2) individualized descriptions of the relevant knowledge of potential witnesses; (3) the amounts claimed for each type of damages, an explanation of how each amount was calculated, and a description of the documents on

3

No. 10-20102

had failed to sign and return various third-party records requests for access to Worrell's medical, education, and employment records.  Lastly, HCA asserted that Worrell had failed to produce *any* documents in response to HCA's requests for production.[2]

On February 11, 2009, the magistrate judge granted the second motion to compel over Worrell's opposition.  The judge determined that Worrell's amended disclosures and original discovery responses were "not complete":

> For example, the amended initial disclosures list numerous persons likely to have discoverable information.  Each person is then identified as having the exact same type of discoverable information, and each person's address is listed as "c/o" Defendant's counsel. That same type of response is provided in response to Interrogatory Nos. 1 and 2.  Similarly deficient is Plaintiff's calculation of damages for which no calculation at all has been provided.  Finally, Plaintiff has not provided to Defendant any documents responsive to Defendant's requests for production[;] Plaintiff instead respond[ed] that responsive documents would be made available for copying and inspection.

which the calculations were based; (4) information concerning Worrell's physicians and other health-care providers; (5) the identity of any person who may have witnessed the alleged discrimination or retaliation; (6) a description of Worrell's sources of income; (7) complete information concerning Worrell's education and employment history; (8) information concerning any complaints of discrimination that Worrell may have filed in other matters or any other litigation involving Worrell; (9) a complete description of Worrell's mitigation efforts; (10) the identity of each person with whom Worrell had communicated concerning her allegations, and the substance of those communications; and (11) information concerning occasions when Worrell has been unable to work.

[2] Although the magistrate judge's October 22 order expressly required Worrell to "provide Defendant with . . . all documents responsive to Defendant's Requests for Production," Worrell responded to every single request with one of two cut-and-paste statements: (1) "Any documents responsive to this request that pertain to this case in any way are available for inspection and copying at the offices of Melvin Houston & Associates"; or (2) "At this time, Plaintiff has not assessed the location of any documents responsive to this request.  Plaintiff will supplement."

No. 10-20102

Accordingly, the magistrate judge held that Worrell had failed to comply with the October 22, 2008 order, and the judge ordered her, for the second time, to provide complete disclosures and responses. The judge warned Worrell that "[a]ny information and documents not so provided by February 16, 2009, cannot be used, in any form, at trial." Worrell filed a motion to reconsider on February 13, which the magistrate judge denied on March 10.

Worrell served HCA with her second amended initial disclosures and first amended discovery responses on February 18, two days after the deadline set by the magistrate judge in the February 11 order. On March 20, ten days before the discovery deadline, HCA filed a motion to dismiss, arguing, among other things, that Worrell's most recent disclosures and responses remained incomplete and that dismissal was an appropriate sanction given Worrell's continued failure to obey the October 22, 2008 and February 11, 2009 orders. The motion also sought lesser sanctions.

At a show-cause hearing held on August 14, which Worrell herself attended, the district court orally found that Worrell still had not fully complied with the two previous discovery orders. The court stayed the case for sixty days and ordered Worrell, for the third time, to provide complete disclosures and responses. The court did not dismiss the case, but it ordered Worrell to reimburse HCA for the expenses it had incurred in filing and presenting the motion to dismiss, and it explicitly warned Worrell that if she did not fully comply within the sixty-day stay period ending on October 13, her case would be dismissed. Finally, the court instructed the parties that "[u]pon compliance," they would be permitted to "move the Court to lift the stay and enter an amended scheduling order."

No. 10-20102

Worrell served HCA with her third amended initial disclosures and second amended interrogatory answers on October 13. Worrell did not serve HCA with an amended response to HCA's requests for production, however, until October 14, one day after the deadline set by the district court. On November 11, almost one month after the end of the sixty-day stay period, Worrell finally filed a motion to lift the stay. HCA responded to Worrell's motion by arguing that Worrell had failed to comply with the district court's August 14, 2009 order (and, by extension, the magistrate judge's October 22, 2008 and February 11, 2009 orders), and it again requested dismissal of the case.

On January 15, 2010, the district court denied Worrell's motion to lift the stay and dismissed her case. In its order, the district court closely examined Worrell's most recent disclosures and interrogatory answers. The court found that the amended disclosures "reiterated the[ ] same deficiencies":

> Nearly all of Plaintiff's witnesses are described as having the exact same global knowledge of the events purportedly giving rise to the suit. In addition, Plaintiff again lists as the addresses for many of her witnesses not their own addresses but the office address of Defendant HCA's counsel. Most, if not all, of these witnesses are former employees of Defendant who are not in HCA's control, and who do not reside at the office address of Defendant's counsel. Plaintiff has shown no good faith effort to ascertain the addresses of her witnesses and, if she possesses the addresses, she has been obstinate in refusing to provide them to Defendant.

(footnote and emphasis omitted). The court also found that Worrell's interrogatory answers were still incomplete:

> HCA has repeatedly requested documents about Plaintiff's interim earnings and her alleged emotional distress following her termination by HCA, and Plaintiff has not provided any documents in response. In HCA's Interrogatory No. 6, Plaintiff was asked to identify persons who had witnessed alleged discrimination or

6

No. 10-20102

retaliation against her, and to identify related documents. Instead of giving particularized answers, Plaintiff in her response merely directs HCA to her answers to other interrogatories that list the names of all 44 of her ostensible witnesses and all pages of all documents she has produced. In response to Interrogatory No. 8, Plaintiff failed to state, as requested, whether her departure from each employer was voluntary or involuntary.

(footnotes omitted). Lastly, the court determined that Worrell's amended response to HCA's requests for production had been filed late:

Plaintiff produced only a one-page witness statement (which contained a time stamp showing Plaintiff possessed it for at least nine months) before the expiration of the 60-day deadline on October 13th. After expiration of the deadline, Plaintiff proffered to HCA her "Supplemental" responses to HCA's requests for production, with no explanation as to why the response had not timely been made during the generous 60-day extension. Nor has Plaintiff provided any explanation as to why she failed to move to reopen the case until a month after expiration of the deadline set by the Court.

Based on these factual findings, the district court ruled that Worrell had "substantially and materially failed and refused to comply with" the August 14, 2009 order. The court then held that given Worrell's "failure to provide any justification" for her refusal to comply and "the contemptible manner" in which she had prosecuted her case, her misconduct was "contumacious and in bad faith."[3] After finding that Worrell had been aware of her obligations to the court,

---

[3] The district court also highlighted several other instances in which Worrell or Houston, or both, had defied court orders or failed or refused to observe the rules of procedure, thereby causing unnecessary expense and delay: (1) The district court sanctioned Houston after he refused to dismiss the second defendant in Worrell's original complaint, GreatSchools, Inc. ("GSI"), even though he knew that GSI had no connection to either Worrell or HCA. We affirmed this sanction on appeal. *See Worrell v. Hous. Can! Acad.*, 287 F. App'x 320, 325 (5th Cir. 2008) (per curiam) (unpublished). (2) Houston refused to pay the above sanction until, more than three months after we issued our mandate affirming the sanction, GSI filed a

7

No. 10-20102

that HCA had been prejudiced as a result of Worrell's misconduct, and that no lesser sanction alone would be sufficient, the court dismissed the case with prejudice under Rule 37(b)(2).[4]  Worrell appeals.[5]

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(b)(2) authorizes a district court "to dismiss a complaint with prejudice when a party refuses to obey a valid discovery order." *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514 (5th Cir.

---

motion to hold him in contempt.  (3) Worrell failed to serve HCA within 120 days after the filing of the complaint, as required by Rule 4(m).  When Worrell finally effected service, the district court determined that Worrell's failure to follow Rule 4(m) was without good cause, although the court exercised its discretion to extend the time for service on other grounds. (4) The district court dismissed the second defendant in Worrell's amended complaint, America Can! Academy, after Worrell completely failed to serve it with process.  (5) In response to HCA's second motion to compel, Worrell inappropriately filed a retaliatory motion to compel against HCA.  In the February 11, 2009 order, the magistrate judge denied Worrell's motion after determining that it contained "only conclusory statements" and that it failed to "identify any particular discovery request that [was] deficient."

[4] The district court also ordered Houston to reimburse HCA for the costs and expenses HCA had incurred in prosecuting the motion to dismiss, and the court forwarded a copy of its order to the Chief Judge of the Southern District of Texas to determine if disciplinary action should be taken against Houston for what the district court characterized as "serious and repetitive" violations of the Texas Disciplinary Rules of Professional Conduct.

[5] Worrell's notice of appeal states that she is appealing from the "Memorandum and Order and Final Judgment entered in this action on January 15, 2010, wherein the district court dismissed all of the Plaintiff's claims."  "[O]ur review of a district court's sanction for the violation of . . . its discovery order[s] necessarily includes a review of the underlying discovery order[s]," which in this case are the magistrate judge's October 22, 2008 and February 11, 2009 orders and the district court's August 14, 2009 order. *FDIC v. Conner*, 20 F.3d 1376, 1381 (5th Cir. 1994) (citation and internal quotation marks omitted).  Worrell's opening brief also purports to appeal the magistrate judge's April 16, 2009 order, which imposed sanctions on Worrell for her refusal to return to HCA documents that contained legally protected information.  But this argument is inadequately briefed on appeal, and thus it is waived. *See* FED. R. APP. P. 28(a)(9)(A) (requiring that an appellant's brief "contain . . . [the] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

No. 10-20102

1985) (citing *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 640 (1976)). "The district court's discretion under Rule 37 is broad." *Id.* at 515. Thus, "[i]n reviewing a [Rule 37] dismissal by the district court, our duty is to decide not whether we would have dismissed the action as an original matter, but whether the district court abused its discretion in so doing." *Id.* at 514 (citing *Nat'l Hockey League*, 427 U.S. at 642). Moreover, we will not disturb the factual findings on which the district court based its decision unless they are clearly erroneous. *See Bluitt v. Arco Chem. Co.*, 777 F.2d 188, 191 (5th Cir. 1985).

### III. ANALYSIS

In determining whether a district court abused its discretion, our case law has addressed a number of considerations:

> First, dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from the inability to comply. Next, dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions. Another consideration is whether the other party's preparation for trial was substantially prejudiced. Finally, dismissal may be inappropriate when neglect is plainly attributable to an attorney rather than a blameless client, or when a party's simple negligence is grounded in confusion or sincere misunderstanding of the court's orders.

*Prince v. Poulos*, 876 F.2d 30, 32 (5th Cir. 1989) (quoting *Bluitt*, 777 F.2d at 190–91); *see also Batson*, 765 F.2d at 514–15 (same). Applying this standard to the facts of this case, we have no difficulty in concluding that the district court did not abuse its discretion in dismissing Worrell's case with prejudice under Rule 37(b)(2).

No. 10-20102

First, the district court's findings that Worrell failed to comply with multiple court orders and that she did so in bad faith are not clearly erroneous. Rather, there is sufficient evidence showing that Worrell: (1) served initial disclosures that were "materially deficient" under Rule 26(a); (2) failed to respond to HCA's discovery requests, in violation of Rules 33 and 34; (3) ignored numerous out-of-court demands from HCA's counsel to resolve these issues; (4) failed to respond to HCA's first motion to compel for over a month without explanation; (5) made false representations in her October 27, 2008 motion to reconsider about Houston's awareness of the filing of the first motion to compel; (6) violated the October 22, 2008 order by serving amended disclosures that contained the same deficiencies as the original disclosures, by serving unresponsive interrogatory answers, and by failing to produce any document in response to HCA's requests for production; (7) failed to serve her second amended initial disclosures and first amended discovery responses before the February 16, 2009 deadline set by the magistrate judge's February 11, 2009 order; (8) violated the February 11, 2009 order by serving second amended disclosures that contained the same deficiencies as the first amended disclosures and by serving first amended discovery responses that were incomplete; (9) failed to serve her amended responses to HCA's requests for production before the October 13, 2009 deadline set by the district court's August 14, 2009 order; and (10) violated the August 14, 2009 order by failing to serve disclosures and discovery responses that were complete under the federal rules and responsive to prior court orders.

In addition, the record is rife with evidence showing that Worrell and Houston delayed the proceedings, missed deadlines, caused the other parties to

No. 10-20102

incur needless expense, violated multiple orders from multiple courts, ignored the requirements of the rules of procedure, failed to respond to the reasonable inquiries of opposing counsel, and otherwise conducted themselves in a wholly inappropriate and unprofessional manner. Given this voluminous record of misconduct, we cannot say that the district court's finding of bad faith was clearly erroneous.

Second, at the time the district court dismissed the case, Worrell had already received several lesser sanctions related to the discovery violations at issue here: (1) the October 22, 2008 and August 14, 2009 orders' monetary sanctions requiring Worrell to reimburse HCA for the expenses it had incurred in prosecuting the September 18, 2008 motion to compel and the March 20, 2009 motion to dismiss; (2) the February 11, 2009 order's preclusion of all information and all documents not produced before the February 16, 2009 deadline; and (3) the August 14, 2009 order's sixty-day stay of the case. Moreover, the October 22, 2008 and August 13, 2009 orders both explicitly warned Worrell that her continued failure to obey court orders would result in dismissal of her case. Based on this record, we refuse to hold that the district court should have given Worrell yet another chance to do what she should have done more than fifteen months earlier and had refused to do on three prior occasions. *See Prince*, 876 F.2d at 32 (affirming a district court's dismissal under Rule 37(b)(2) when "prior to dismissing the appellant's complaint the district court twice imposed monetary sanctions for discovery abuses and warned the appellant that further failure to comply with such orders would result in dismissal of his complaint"). Rather, the record is more than sufficient to prove that the imposition of lesser sanctions would have been an exercise in futility.

11

No. 10-20102

Third, there can be no doubt that HCA was substantially prejudiced by Worrell's misconduct.  Worrell's repeated failures to comply with the prior discovery orders denied HCA the most basic information about Worrell's claims, hampering its ability to prepare a defense.  Additionally, HCA unnecessarily incurred significant attorney fees and expenses seeking discovery of that information, and the many delays caused by Worrell's misconduct caused a straightforward single-plaintiff employment-discrimination case to drag on without resolution for nearly three years.

Fourth, as the district court correctly found, this is not a case where a blameless client had been made to suffer for her attorney's misdeeds.  Worrell was present at the August 14, 2009 show-cause hearing at which the district court orally held that her current disclosures and responses were deficient and explicitly ordered her to provide complete disclosures and responses within sixty days or face dismissal of her lawsuit.  She was also personally sanctioned on two prior occasions for the underlying discovery abuses.  Thus, Worrell knew about her obligations to the court and bears considerable personal responsibility for her failure to satisfy those obligations.  *Cf. Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir. 1995) (affirming the involuntary dismissal of an action as a sanction even though the client shared little of the blame for his attorney's sanctionable conduct).

Lastly, there is no evidence in the record to support an argument that Worrell's failure to obey the prior discovery orders was grounded in confusion or a sincere misunderstanding.  The prior orders were clear and easy to understand, and Worrell did not seek clarification of those orders from the district court.  Accordingly, under the analysis required by our case law, we find

12

No. 10-20102

that the district court did not abuse its discretion in dismissing Worrell's case under Rule 37(b)(2).[6]

None of Worrell's arguments to the contrary are availing. First, Worrell contends that she failed to respond to HCA's original discovery requests because those requests had been "prematurely propounded" on June 20, 2008, prior to the scheduling conference on September 2, 2008. Rule 26(d), however, expressly sets the starting point for discovery at the Rule 26(f) conference, not the scheduling conference. *See* FED. R. CIV. P. 26(d)(1). In this case, the Rule 26(f) conference took place on June 26, 2008, four days before HCA propounded its first discovery requests. Therefore, HCA's actions were proper, and, under Rules 33 and 34, Worrell should have responded to those requests within thirty days. Worrell failed to do so.

Second, Worrell argues that her failure to respond to HCA's first motion to compel should have been excused because of Hurricane Ike. This argument was rejected by the magistrate judge's December 2, 2008 order because of evidence presented by HCA showing that on September 17, 2008, Houston had received an e-mail from HCA's counsel advising him that a motion to compel would be filed the next day, and that Houston had responded to that e-mail within twenty-four hours. Worrell now asserts that this e-mail exchange is irrelevant because the e-mail account (i.e., Houston's e-mail account on his Blackberry phone) was not the official e-mail account on file with the district court for purposes of service (i.e., Houston's Yahoo! e-mail account). This

---

[6] In her opening brief, Worrell also appeals the portion of the February 11, 2009 order in which the magistrate judge denied Worrell's retaliatory motion to compel. *See supra* note 3(5). The magistrate judge's reasoning in the order is sound, and therefore we find no abuse of discretion.

13

argument is misguided.  Even if we were to accept that Houston did not have access to his Yahoo! account because of Hurricane Ike and thus did not receive a copy of the motion to compel at the time it was served, the record does not show that the motion was *not* properly served on Houston via the Yahoo! account, and the e-mail exchange that was presented to the magistrate judge still shows that Houston had notice of the imminent filing of the motion.  In these circumstances, it was Houston's responsibility either to locate a copy of the motion through other channels or to notify the court that because of Hurricane Ike, he would need an extension of deadlines.  Houston failed to do either.  Moreover, as the magistrate judge explained, the effects of Hurricane Ike do not adequately explain why Worrell failed to respond to the motion for over a month.  Therefore, we cannot say that the magistrate judge's December 2, 2008 decision was in error.

Lastly, Worrell insists that her disclosures and responses were complete under the federal rules.  We disagree.  At every stage of the proceedings, Worrell's disclosures and responses were insufficient under Rules 26(a), 33, and 34.  More to the point, however, they were also unresponsive to the orders entered by the magistrate judge and district court.  Ultimately, the district court dismissed Worrell's case not because her disclosures and responses were deficient under the federal rules, but because she had repeatedly failed to obey court orders requiring the correction of those deficiencies.  Even if the orders required more of Worrell than the federal rules, Worrell still had an obligation to abide by those orders until such time as she could appeal.  Because she did not do so, her argument about the completeness of her disclosures and responses does not absolve her of her disobedience.

No. 10-20102

## IV. CONCLUSION

Because the district court did not abuse its discretion in dismissing Worrell's case with prejudice pursuant to Rule 37(b)(2), we affirm.

AFFIRMED.