# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 14, 2013

No. 12-30754
Summary Calendar

Lyle W. Cayce
Clerk

Dr. DENNIS LARAVIA,

Plaintiff - Appellant

v.

FRED CERISE, Individually and in His Official Capacity as Vice President,
Louisiana State University System; KIM LEBLANC, Individually and in His
Official Capacity as Chairman of LSU Family Medicine, LSUHSC-NO; LARRY
HOLLIER, Individually and in His Official Capacity as Chancellor of
LSUHSC-NO; CHARLES ZEWE, Individually and in His Official Capacity as
Vice President, LSU; KURT SCOTT, Individually and in His Official Capacity
as Hospital Administrator for LSU BMC; THE BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-352

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-30754

Louisiana State University hired Dr. Dennis LaRavia to create a medical Residency Program in Bogalusa, Louisiana. LaRavia was later removed from his position as Program Director and filed suit against defendants in Louisiana State court, raising several different claims. Defendants removed to federal district court, in which they moved successfully for summary judgment. That judgment is not in dispute here; this appeal concerns only the costs borne by defendants that the district court ordered LaRavia to pay.

On January 13, 2011, defendants filed a Bill of Costs, seeking reimbursement for $12,073.60 of expenses. LaRavia objected on January 20, 2011, challenging only $1,093.60 of the costs sought. On June 15, 2012, a deputy clerk of the district court filed a Taxation of Costs, concluding that LaRavia owed $11,488.60 to defendants—only $585.00 less than they requested.

Nearly one month later, on July 12, 2012, plaintiff moved for leave to file a concededly late motion to review the Taxation. The motion did not explain why plaintiff failed timely to move for review. On July 16, 2012, plaintiff also filed a notice of appeal from the Taxation of Costs. The district court dismissed plaintiff's motion for leave "in view of the pending appeal and untimely filing, with no cause for its lateness." On appeal, LaRavia contends that the district court abused its discretion in taxing costs to him.

Federal Rule of Civil Procedure 54(d)(1) authorizes a court clerk to "tax costs on 14 days' notice."[1] The district "may review the clerk's action" on "motion served within the next 7 days."[2] LaRavia conceded below and does not challenge here that he did not timely move for review of the Taxation of Costs. Nor does he challenge the district court's dismissal of his motion for leave. "[A] party's failure to seek review of a clerk's costs order in the district court constitutes a

---

[1] FED. R. CIV. P. 54(d)(1).

[2] *Id.*

2

waiver of the right to challenge that order on appeal."[3] Accordingly, we AFFIRM the district court's taxation of costs.

---

[3] CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2679 (2012) (citing *Prince v. Poulos*, 876 F.2d 30, 34 (5th Cir. 1989)).