# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2021

Lyle W. Cayce
Clerk

No. 21-10218
Summary Calendar

John O. Marable, Jr.,

*Plaintiff—Appellant*,

*versus*

Department of Commerce,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:18-CV-3291

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

John Marable was an employee of the United States Patent and Trademark Office (USPTO) in its satellite office in Dallas, Texas. After nine months, he received a letter of termination and opted to resign. Marable subsequently brought suit against the Department of Commerce (the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10218

Department), then-Secretary of Commerce Wilbur Ross, then-Director of the USPTO Joseph Matel, and Timothy Callahan, who was the director of the USPTO office where Marable worked as a patent examiner. Marable alleged race and age discrimination, retaliation, and a hostile work environment in violation of Title VII of the Civil Rights Act, *see* 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act (ADEA), *see* 29 U.S.C. § 621. Marable also asserted a right to unpaid overtime under the Fair Labor Standards Act (FLSA), *see* 29 U.S.C. § 201.

Before any of the defendants responded to his complaint, Marable filed a notice of nonsuit and dismissed his claims against Ross, Matel, and Callahan, leaving only the Department as a defendant. The Department then filed an answer and affirmative defenses to Marable's complaint, noting in that answer, *inter alia*, that under 35 U.S.C. § 1(a) the USPTO, not the Department, was the proper defendant in an employment case. The Department further stated that the director of the USPTO was the proper defendant for claims made under Title VII and the ADEA.

After the parties engaged in discovery, the Department moved for summary judgment, asserting that it was not a proper defendant and that regardless, Marable's claims failed as a matter of law. The magistrate judge concluded that Marable's claims failed because the Department was not a proper defendant; Marable had failed to exhaust administrative remedies as to his Title VII and ADEA claims, and he failed to establish prima facie claims on the merits; and, as an exempt employee, Marable's FLSA overtime claim failed as a matter of law.[1]    Adopting the magistrate judge's report and

---

[1] Because we conclude that the first basis relied upon by the district court for summary judgment, i.e., that the Department was not a proper defendant, is dispositive, we need not address the other grounds relied upon by the district court for dismissal of Marable's Title VII and ADEA claims.

recommendation, the district court granted summary judgment and dismissed Marable's Title VII and ADEA claims. The court further granted summary judgment to the Department on Marable's overtime claim and awarded fees to the Department. Marable appeals all three determinations.

As an initial matter, Marable failed to object to the award of fees in the district court. His objection is therefore forfeited on appeal. *Prince v. Poulos*, 876 F.2d 30, 34 (5th Cir. 1989).

"This court reviews a grant of summary judgment de novo, applying the same standard as the district court." *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Marable contends that he sued the proper defendant or, alternatively, that the district court abused its discretion in not allowing him to amend his complaint to restore the Director of the USPTO as a defendant.

First, a federal employee's claim of age or racial discrimination in the workplace must be brought against the "head of the department, agency, or unit[.]" *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (citing *Lehman v. Nakshian*, 453 U.S. 156, 168 n.15 (1981)). Marable, an employee of the USPTO, should have sued the USPTO Director. But Marable argues that the USPTO's decisions regarding employment are subject to the Department's oversight. This argument ignores the plain text of federal law, 35 U.S.C. § 1(a), and it also fails to address Marable's failure to bring suit against a department head rather than an entire department. The district court did not err by determining the Department was not the proper defendant; thus its grant of summary judgment on this basis was not in error.

Second, the district court did not abuse its discretion by denying Marable's request to amend his complaint. *See Smith v. EMC Corp.*, 393 F.3d

No. 21-10218

590, 595 (5th Cir. 2004). In accord with Federal Rule of Civil Procedure 16(b)(3)(A), the district court issued a scheduling order that limited the time to join other parties and amend the pleadings. Once issued, such an order can only be modified with the judge's consent and for good cause. FED. R. CIV. P. 16(b)(4). Good cause generally requires a demonstration that "deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Marable waited until fifteen months after the scheduling order deadline to attempt to amend his complaint. He offers nothing on appeal to demonstrate good cause beyond an assertion that he has been diligently prosecuting his case. With nothing more, we cannot conclude that the district court abused its discretion in denying Marable's request to amend his complaint.

Finally, Marable concedes that he was an employee exempt from overtime rules under 29 U.S.C. § 213(a)(1) of the FLSA. This concession forecloses his other arguments related to the FLSA's overtime provisions because, as a result of his exemption, they do not apply.

AFFIRMED.