**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 4 2003**

**PATRICK FISHER**
Clerk

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARIUS JUAN BLOOMER,

     Plaintiff-Appellant,

v.

UNITED PARCEL SERVICE, INC.,
an Ohio corporation,

     Defendant-Appellee.

No. 02-6385

---

**Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. 99-CV-1486-F)**

---

Submitted on the briefs:[*]

Marilyn D. Barringer-Thomson, Oklahoma City, Oklahoma, for Plaintiff-Appellant Darius Juan Bloomer.

Shannon B. Schmoyer and Clay A. Hartmann, of Akin Gump Strauss Hauer & Feld, L.L.P., Dallas, Texas, and Robert E. Manchester and Shannon K. Emmons

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case therefore is submitted without oral argument.

of Phillips McFall McCaffrey McVay & Murrah, P.C., Oklahoma City, Oklahoma, for Defendant-Appellee United Parcel Service, Inc.

---

Before **TACHA,** Chief Circuit Judge**, KELLY,** and **BRISCOE**, Circuit Judges.

---

**PER CURIAM**.

Plaintiff Bloomer appeals an award of costs entered in favor of Defendant United Parcel Service by the clerk of the district court. We dismiss because by failing to request the district court to review the clerk's award, Plaintiff has waived the right to judicial review.

Final judgment was entered by the district court in favor of Defendant on September 23, 2002. Fourteen days later, Defendant filed a bill of costs with the clerk of the court. Plaintiff filed objections. On November 7, 2002, the clerk awarded Defendant $2,419.80 in costs. Rather than move the district court to review the clerk's award within five days as required by Fed. R. Civ. P. 54(d)(1), Plaintiff filed a notice of appeal twenty-five days after entry of the clerk's award.

Rule 54(d)(1) provides in relevant part as follows:

> On motion served within 5 days [after clerk's award], the action of the clerk *may* be reviewed by the court.
> (Emphasis added.)

Those circuits that have construed this language have concluded that a party's failure to file a motion for review of costs with the district court within the five-day

2

period constitutes a waiver of the right to challenge the award. We agree.

In *Prince v. Poulos*, 876 F.2d 30, 34 (5th Cir. 1989), the Fifth Circuit held that appellant had "waived his objection to the Bill of Costs" because he "failed to object to the costs" within the five-day time period. The Seventh and Ninth Circuits also have held that they may review an award of costs only when a party first files a proper motion for review in the district court within the five-day period specified for such motions *See Cooper v. Eagle River Memorial Hosp., Inc.*, 270 F.3d 456, 464 (7th Cir. 2001); *Walker v. California*, 200 F.3d 624, 626 (9th Cir. 1999); *see also Fleet Inv. Co., Inc. v. Rogers*, 87 F.R.D. 537, 540 (W.D. Okla. 1978) (district court held that defendant's failure to file motion to review clerk's taxation of costs within Rule 54(d)(1)'s time period precluded review), *aff'd*, 620 F.2d 792 (10th Cir. 1980).

**DISMISSED**. The mandate shall issue forthwith.