

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2006

# Nouri v. PA State University

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4328

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Nouri v. PA State University" (2006). *2006 Decisions.* Paper 1390.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1390

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BPS-165                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4328
_____

MOHAMAD NOURI,

Appellant
v.

PA STATE UNIVERSITY
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 01-cv-00840)
District Judge: Honorable John E. Jones, III
_____

Submitted Under 28 U.S.C. § 1915(e)(2)(B)
March 16, 2006

BEFORE: RENDELL, AMBRO and GREENBERG, <u>Circuit Judges</u>

(Filed: March 24, 2006)
_____

OPINION
_____

PER CURIAM

     Appellant Mohamad Nouri appeals from the District Court's order imposing costs

pursuant to Federal Rule of Civil Procedure 54(d)(1). We will dismiss the appeal

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

     In 2001, Nouri filed a complaint in the District Court, alleging employment

discrimination. After a jury trial, the Court entered judgment in favor of the Defendant. Nouri filed a motion for a new trial, which the District Court denied on the merits. Nouri filed a motion to appeal out of time, which the District Court denied, finding that the motion was not timely under either Rule 4(a)(5) or 4(a)(6) of the Federal Rules of Appellate Procedure. Nouri appealed, and we affirmed. See Nouri v. PA State Univ., C.A. No. 04-3259, slip op. (3d Cir. Mar. 17, 2005). On August 24, 2005, the Clerk of the District Court entered an order assessing costs pursuant to Rule 54(d) in the amount of $3,115.66. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. We will dismiss an appeal under § 1915(e)(2)(B)(i) when the appeal is completely lacking in legal or factual merit. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Federal Rule of Civil Procedure 54(d)(1) provides that "[s]uch costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court." Fed. R. Civ. P. 54(d)(1). The Rule imposes a five-day time limit for filing objections to the imposition of costs. When a party seeking to challenge costs on appeal has failed to properly file objections with the District Court, the objection is considered waived. See In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 459 (3d Cir. 2000) (citing 10 MOORE'S FEDERAL PRACTICE § 54.100, 54-144 (3d ed. 1999)); see also, Bloomer v. United Parcel Serv., Inc., 337 F.3d 1220, 1221 (10th Cir. 2003); Prince v. Poulos, 876 F.2d 30, 34 (5th Cir. 1989).

Nouri did not object to the imposition of costs in the District Court and, thus, has

waived his objection and right to review on appeal.[1]  Accordingly, we will dismiss the

appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1]  Nouri also seeks review from "all relevant prior orders in this action."  Every other order in this case was final and appealable well before entry of the award of costs.  Thus, this portion of the appeal, as already determined in C.A. No. 04-3259, is untimely.  See Fed. R. Civ. P. 4(a).