**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2960
_____

LEI KE,
                    Appellant

v.

DREXEL UNIVERSITY; JOHN FRY; RICHARD
HOMAN; SAMUEL PARRISH; AMY FUCHS;
JENNIFER HAMILTON; ANTHONY SAHAR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-06708)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 5, 2017
Before: GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed April 13, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lei Ke appeals from the District Court Clerk's taxation of costs against him. We will dismiss this appeal for lack of jurisdiction.

## I.

Ke is a former Drexel University medical student. He filed suit against the University and several of its employees alleging racial discrimination and several other claims. After protracted proceedings in the District Court, and after several mandamus petitions and premature appeals with this Court, the District Court ultimately entered summary judgment in the defendants' favor. We affirmed. See Ke v. Drexel Univ., 645 F. App'x 161 (3d Cir.), cert. denied, 137 S. Ct. 384 (2016).

Defendants filed a bill of costs with the District Court seeking an award of costs under Fed. R. Civ. P. 54(d)(1). Following our affirmance, Ke filed objections to the bill of costs. On June 1, 2016, the Clerk of the District Court overruled Ke's objections and issued a judgment taxing costs against him in the amount of $4,503.15. Ke filed a "notice of objection" to the taxation of costs (ECF No. 702), which remains pending in the District Court. Ke later filed this appeal from the Clerk's judgment. After briefing was complete, our Clerk directed the parties to file supplemental briefs addressing our appellate jurisdiction. The parties now have done so, and this appeal is ripe for disposition.

## II.

2

The parties argue that, despite the pendency of Ke's objection in the District Court, the Clerk's taxation of costs is final and we have jurisdiction to review it. The parties' agreement on that point does not confer jurisdiction on us because we have an independent obligation to consider that issue. See Debeato v. Att'y Gen., 505 F.3d 231, 233 (3d Cir. 2007). Having done so, we conclude that we lack jurisdiction, and we will dismiss this appeal on that basis.

"Under the procedures outlined in Fed. R. Civ. P. 54(d)(1) and [the District Court's] Local Rule 54.1(b), the Clerk taxes costs, and then, if there is an objection to the Clerk's action, the District Court reviews the Clerk's award." McKenna v. City of Phila., 582 F.3d 447, 454 (3d Cir. 2009). Any such objection must be filed within seven days after the Clerk's taxation of costs. See Fed. R. Civ. P. 54(d)(1). If a party files an objection, the District Court's review is de novo. See In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 461 (3d Cir. 2000). In that event, there is no final decisions regarding costs appealable under 28 U.S.C. § 1291 until the District Court rules on the objection. See LoSacco v. City of Middletown, 71 F.3d 88, 91 (2d Cir. 1995); Johnson v. United States, 780 F.2d 902, 910 (11th Cir. 1986); cf. McKenna, 582 F.3d at 454 (holding that, in the absence of a ruling on costs by either the Clerk or the District Court, "there is not a final order on the costs issue for us to review").

In this case, Ke filed a timely objection to the Clerk's taxation of costs in the District Court, and that objection remains pending. The parties nevertheless ask us to

3

disregard that filing. Ke argues that he intended it as a "motion for reconsideration [by the Clerk] as the Clerk's Office is not headed by a judge." (Appellant's Supp. Br. at 2.) Defendants, for their part, ask us to treat Ke's objection as a "nullity" because he already filed objections to their bill of costs. (Appellees' Supp. Br. at 2.)

We decline to do so. Ke timely filed an objection following the Clerk's taxation of costs just as Rule 54(d)(1) contemplates. His objection is cursory, but it squarely takes issue with specific aspects of the Clerk's taxation of costs and it does not state that it was directed only toward the Clerk and not the District Court. It is true that Rule 54(d)(1) speaks of filing a "motion" for review with the District Court, and Ke did not style his objection as a "motion," but we have sometimes referred to requests for review as "objections," see McKenna, 582 F.3d at 454; In re Paoli R.R. Yard PCB Litig., 212 F.3d at 459, and we see no immediately apparent reason why Ke's pro se "notice of objection" should not be liberally construed as a motion for review under Rule 54(d)(1).

We recognize that Ke, in an apparent effort to manufacture appellate jurisdiction, now disclaims any intent to seek review by the District Court. The facts remain, however, that Ke filed an actual objection with the District Court, that he has not withdrawn it, and that it is still pending. Indeed, if Ke had not filed such an objection, then he might very well have lost the very right to appellate review that he is presently attempting to exercise.[1]

---

[1] Although we have not addressed the issue, it appears that every Court of Appeals to

Thus, we decline to disregard Ke's objection. We express no opinion on the merits of that objection or on whether it is sufficient to place any particular issue before the District Court for review. Instead, we hold only that the pendency of that objection means that there is no final decision on costs that is appealable under § 1291 or otherwise. Thus, "we will dismiss th[is] appeal without prejudice to further proceedings with respect to costs in the District Court." McKenna, 582 F.3d at 454.

## III.

For these reasons, we will dismiss this appeal. Ke's request that we order reassignment of this case to a different District Judge is denied.[2]

---

have done so has concluded that a party waives the right to challenge a Clerk's taxation of costs on appeal by failing to first seek review by the District Court under Rule 54(d)(1). See Ahlberg v. Chrysler Corp., 481 F.3d 630, 638-39 (8th Cir. 2007); Bloomer v. UPS, 337 F.3d 1220, 1221 (10th Cir. 2003) (per curiam); Cooper v. Eagle River Mem'l Hosp., Inc., 270 F.3d 456, 464 (7th Cir. 2001); Walker v. California, 200 F.3d 624, 626-27 (9th Cir. 1999) (per curiam); Prince v. Poulis, 876 F.2d 30, 34 (5th Cir. 1989); cf. In re Paoli R.R. Yard PCB Litig., 221 F.3d at 459 (noting that District Courts may deem challenges to the Clerk's taxation of costs waived in the absence of a timely objection). We also question whether a Clerk's taxations of costs alone, regardless of whether a party files an objection, is appealable as a "final decision[] of the district court[]" in the absence of a District Court ruling on the issue. 28 U.S.C. § 1291; see also Reger v. The Nemours Found., Inc., 599 F.3d 285, 288 (3d Cir. 2010) (exercising jurisdiction under § 1291 after a ruling on the Clerk's taxation of costs by the District Court); In re Paoli R.R. Yard PCB Litig., 221 F.3d at 456 (same); cf. Siers v. Morrash, 700 F.2d 113, 114-15 (3d Cir. 1983) ("To be a 'final' order of the district court within the meaning of section 1291, [a Magistrate Judge's] decision must have been reviewed by the district court, which retains ultimate decision-making power."). Because Ke filed an actual objection with the District Court and the objection remains pending, however, we need not resolve these issues.

[2] Ke makes this request for the first time in his supplemental brief, and we will not

consider it because it is beyond the scope of the briefing that the Clerk directed. Nor will we construe Ke's request as a mandamus petition. Ke knows how to seek mandamus relief, and such relief is not warranted in any event because Ke does not claim to have sought relief from the District Court in the first instance. <u>See</u> <u>In re Kensington Int'l Ltd.</u>, 353 F.3d 211, 223-24 (3d Cir. 2003).