CLD-293                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2154
_____

IN RE:  LEI KE,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-11-cv-06708)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 29, 2017

Before: SHWARTZ, NYGAARD and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 10, 2017 )

_____

OPINION[*]
_____

PER CURIAM

    Lei Ke was a medical student at Drexel University College of Medicine ("Drexel")

until it terminated him for poor academic performance.  Ke then filed a racial

discrimination suit against Drexel, and the suit proved to be protracted and contentious.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

While it was pending, Ke filed a total of seven interlocutory appeals and mandamus petitions with this Court, including three petitions seeking the District Judge's disqualification. We denied them. Proceedings on the merits finally came to a close when the District Court entered summary judgment in Drexel's favor. We affirmed, and the United States Supreme Court denied certiorari. See Ke v. Drexel Univ., 645 F. App'x 161, 166 & n.12 (3d Cir. 2016), cert. denied, 137 S. Ct. 384 (2016).

After we affirmed, Drexel obtained from the District Court's Clerk a judgment taxing costs against Ke in the amount of $4,503.15. Ke appealed, but the Clerk's judgment was not a final order under 28 U.S.C. § 1291 and we dismissed his appeal without prejudice to further review of costs by the District Court. See Ke v. Drexel Univ., No. 16-2960, 2017 WL 1373276, at *2 (3d Cir. Apr. 13, 2017). Ke immediately filed a motion to disqualify the District Judge, which the District Court denied. Ke then filed the mandamus petition at issue here seeking the District Judge's disqualification from the taxation-of-costs proceeding.

After Ke filed this petition, however, Drexel withdrew its request for costs and asked the District Court to finally close the case. The District Court approved that request and closed the case on May 25, 2017. Although that ruling was favorable to Ke, he filed a motion for reconsideration arguing that he had a "right" to know the costs for which he would have been liable had Drexel pressed its request. The District Court denied that motion on June 19, 2017. Thus, the taxation-of-costs proceeding and the case as whole are now closed. Ke's request that we disqualify the District Judge from

2

presiding over the taxation-of-costs proceeding is moot, and we will dismiss his petition on that basis.